[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met. CT Page 6898
The parties intermarried in New Haven on July 19, 1965. There is no minor child issue of the marriage. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved. The cause of the breakdown was the defendant's adultery.
In December 1989, the defendant suggested to the plaintiff that she see her doctor. He had never been concerned about her gynecological health before. When the plaintiff did not see the doctor immediately, the defendant kept up a frantic, constant begging for her to do so and to have a Pap smear. Finally, she went to her doctor and was tested. It showed that she had herpes. She is now required to take drugs for her condition.
She testified that she never had sex with anyone other than the defendant. When she told the defendant what her condition was he said there must be some kind of a mistake. He said he would see a doctor to be checked but he never did so.
The defendant was called as a witness by the plaintiff. He thought that the marriage had broken down. He said he had sex once with a woman other than the plaintiff. He was not sure where he had done so. He did not tell the plaintiff what he had done. He was never tested for venereal diseases. He did not think such treatment was necessary. He thought that honesty was important in a marriage. He had been deposed before the trial. In that deposition he did not remember the affair with that woman. But on thinking back he knew the affair was wrong. He had sex only that one time. It was a one night stand and when he woke up the woman was gone. He has never been treated for any sexual diseases. He stated: "I don't believe that I gave her herpes." He did not deem it necessary to tell the plaintiff about his affair because it would not help the marriage.
The defendant shall pay the plaintiff as alimony $550 a week until she dies, remarries or cohabits within the meaning of the statute.
The plaintiff is awarded the marital home at 38 Commodore Avenue in Huntington, Connecticut and the defendant shall execute any documents necessary to effectuate the transfer of the title to her. She shall hold the property subject to any liens on it including the mortgage which she shall assume and pay.
The court finds that the plaintiff owns certain stocks jointly with the defendant. The defendant shall transfer to her one half of CT Page 6899 his one half interest in said stocks so that thereafter she shall own three quarters of said stocks.
The court awards to the plaintiff three quarters of the defendant's 401K plan with the Company the defendant is employed by and the defendant shall execute any documents necessary to effectuate the transfer of this interest in the 401K plan to her.
The court awards to the plaintiff one half of the pension the defendant will have with the company he is employed by and the defendant shall execute any documents needed for the transfer of this interest in his pension to her.
The court orders the defendant to maintain at his sole cost the present health, medical or dental plans covering the plaintiff and in the event of his retirement the court orders the defendant at his sole expense to maintain such plans covering the plaintiff.
The defendant shall pay the plaintiff $10,000 towards the fees and costs of her attorney.
The plaintiff shall pay the liabilities listed on her Financial Affidavit and the defendant shall pay the liabilities listed on his Financial Affidavit.
THOMAS J. O'SULLIVAN, TRIAL REFEREE